UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| v. | ) Misc. No. 1:07-mc-00386-RCL |
| | ) |
| FARZAD DARUI, | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF OMITTED ATTACHMENT**

Defendant Farzad Darui, by counsel, files the following attachment that was inadvertently omitted from Defendant's Brief in Opposition to Motion to Quash Subpoena to Islamic Center and is identified in the brief as Exhibit 1:

- Declaration of Dr. Abdullah M. Khouj in Opposition in Opposition to Defendant's Motion to Dismiss or, in the Alternative, Motion to Stay Proceedings.

FARZAD DARUI
By Counsel

       /S/
Victoria Toensing (DC Bar #304980)
Joseph diGenova
Brady Toensing
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706 (fax)
Counsel for Defendant

       /S/
Aaron S. Book (DC Bar # 490815)
Steven T. Webster (admitted *pro hac vice*)
WEBSTER BOOK LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
Counsel for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on November 6, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Richard M. Cooper, Esq.
Robert P. Watkins, Esq.
Ana C. Reyes, Esq.
Williams & Connolly
725 Twelfth Street N.W.
Washington, D.C.  20005-5901
202-434-5000
202-434-5029 (fax)
Counsel for Abdullah M. Khouj

Ronald Sharpe, Esq.
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

       /S/
Aaron S. Book

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| THE ISLAMIC CENTER OF WASHINGTON, D.C., <br><br> Plaintiff, <br><br> v. <br><br> FARZAD DARUI, <br><br> Defendant. | ) <br> ) <br> ) <br> ) CIVIL ACTION NO: 1:06-cv-01056 <br> ) CMH/BRP <br> ) <br> ) <br> ) <br> ) <br> ) |

**DECLARATION OF DR. ABDULLAH M. KHOUJ IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STAY PROCEEDINGS**

I, Dr. Abdullah M. Khouj, having personal knowledge of the facts contained in this declaration and being competent to testify to them, hereby state as follows:

1. I am the Director of The Islamic Center of Washington, D.C. (the "Islamic Center" or the "Center"), the plaintiff in this matter.

2. I understand that Farzad Darui, a former employee of the Islamic Center and the defendant in this matter, has requested a stay of these civil proceedings pending the outcome of criminal proceedings that have been brought against him by the office of the United States Attorney for the District of Columbia.

3. A stay of these proceedings would impose a serious economic and religious hardship on the Islamic Center, its religious constituency and on the impoverished persons that the Center's charity work aids.

4.   From the mid-1990s until his dismissal from the Center in mid-2006, Mr. Darui has served as the Center's only bookkeeper and manager. In violation of the trust and responsibilities placed upon him, Mr. Darui engaged in an elaborate fraud to embezzle funds from the Center. In fact, he did embezzle over $300,000 from the Center by changing the payee names on checks after I had signed the checks. I believe that Mr. Darui stole funds from the Center by other means and the Center is currently investigating other fraud that he may have committed.

5.   The Center first learned of the existence of Mr. Darui's fraud in August 2006.

6.   Mr. Darui had told me that the Center could not commission an audit, as I repeatedly requested, until it obtained its cancelled checks. He told me that the cancelled checks were sent to the Center's accountants. After Mr. Darui's repeated delays in commissioning an audit of the Center's finances, I requested the cancelled checks from the Center's accountants myself. However, the accountants told me that they did not have, and had never had, the cancelled checks.

7.   I then contacted the Center's bank, Bank of America, and learned that, without my knowledge or authorization, Mr. Darui had directed Bank of America to mail the cancelled checks to a Post Office box that he opened. In this way, Mr. Darui was able to hide from me and others at the Center his fraud, because the cancelled checks showing the altered payee names were mailed directly to him at a place to which no one at the Center knew about or had access.

8.   After I learned of this, I requested a copy of the cancelled checks directly from Bank of America. When I reviewed them, I immediately saw that the copies of the cancelled checks showed that they were cashed by numerous companies that I had never seen, and to

which I had never authorized the payment of any of the Center's funds. I have subsequently learned that the payees on these altered checks were companies owned and/or controlled by Mr. Darui.

9. Saudi Arabia supports the Islamic Center by providing it with funds every year to cover the Center's operational costs. To document its expenditures, the Islamic Center routinely provides the Saudi Arabian Embassy (the "Embassy") with copies of its financial records. Accordingly, Mr. Darui provided the Embassy with copies of the Center's invoices along with copies of the checks as I had originally signed them, *i.e.*, with the original payee names.

10. After I received the cancelled checks from Bank of America, I requested from the Embassy a copy of the checks that it had in its files. I received these copies in late August 2006. I compared these two sets of checks and realized that Mr. Darui changed the payee names after I signed the checks to companies that he owned and/or controlled. This was the first time that I learned of Mr. Darui's fraud.

11. Upon discovering that this fraud had occurred by comparing the two sets of checks, I immediately called an emergency meeting of the Center's Board of Directors. The Board met on September 5, 2006 and authorized me to hire professionals, including lawyers and accountants, to aid me in conducting an investigation into Mr. Darui's activities. The Center filed the current Complaint on September 15, 2006 and successfully served it on September 18, 2006.

12. The Center's first priority once it recoups funds that were embezzled by Mr. Darui will be to strengthen its charity work, which has suffered as a result of Mr. Darui's fraud due to a lack of funds. For example, as part of its religious obligations, the Center distributes

food and other provisions to needy persons in its community. As part of his fraud, Mr. Darui depleted the Center's charity account and the Center has therefore not been able to fully satisfy this religious commandment.

13. The Center also maintains the Dawa Program, through which the Center provides a copy of the Holy Quran and other literature on Islam to individual prisoners throughout the United States upon request. This program, which is based on religious commandment, has also suffered in the past few years as a result of Mr. Darui's fraud.

14. A delay in recouping the funds embezzled by Mr. Darui will therefore negatively affect persons in the D.C. community who benefit from our charitable work and practitioners of Islam throughout the U.S. who benefit from our Dawa Program.

15. The Center's second priority once it recoups funds that were embezzled by Mr. Darui will be to make much needed structural repairs to the Center, which contains a Mosque that is the regular place of worship for thousands of Muslims.

16. For many years, I have asked Mr. Darui whether there was sufficient money in the Center's available funds to undertake several structural projects that the Mosque has needed. For the vast majority of these projects, Mr. Darui told me that the Center did not have the necessary funds to undertake them. I understand now that the money that could have gone to undertaking these projects had instead been embezzled by Mr. Darui.

17. As a result of years of neglect occasioned by Mr. Darui's fraud, the Mosque is in serious need of major, and costly, renovations. One major expense is that stones throughout the Mosque have been permanently damaged and need to be replaced in order to ensure that the structural integrity of the Mosque is not compromised.

18. As another example, the cooling tower of the Mosque needs to be replaced.

19. Another major expense includes replacement of the plumbing and electrical systems throughout the building. I repeatedly requested of Mr. Darui that he have the plumbing and electrical systems fixed to function adequately, but he was evasive each time, even though there was (and are) physical evidence showing the continual leaking of the faucets. The basis for his evasiveness was his contention that the Center could not afford to undertake such a project.

20. Another major expense includes the need to replace the windows in the Center. The windows are in such bad condition that they let in cold air during the winter and allow air conditioned air to escape during the summer. These leaks significantly add to the Center's heating and cooling costs.

21. A delay in recouping the funds embezzled by Mr. Darui will therefore negatively affect the Center, which needs to undertake the repairs I have described but does not currently have the funds to do so.

22. Finally, I am concerned that the longer Mr. Darui is able to avoid repaying the Center, the longer the above mentioned conditions continue, the worse they will become and the greater the cost will ultimately be to repair them.

\* \* \* \* \*

I declare under penalty of perjury, and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Dr. Abdullah M. Khouj

Executed November 2, 2006, in Washington, D.C.

Case 1:07-mc-00386-RCL    Document 4-2    Filed 11/06/2007    Page 6 of 7

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2006, I caused to be served, by first-class mail, a true and correct copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, Motion to Stay Proceedings upon counsel of record, at the following addresses:

Steven T. Webster, Esq.
Aaron S. Book
Webster Book LLP
30-D Catoctin Circle, S.E.
Leesburg, Virginia 20175

Victoria Toensing, Esq.
Brady Toensing, Esq.
diGenova & Toensing, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006

By: _____
Ana C. Reyes