UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Crim No. 1:07-cr-00149 (RCL)** |
| ) | **Misc. No. 1:07–mc–00386 (RCL)** |
| **FARZAD DARUI,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**BRIEF IN OPPOSITION TO DEFENDANT FARZAD DARUI'S
MOTION FOR SITE VISIT OF ISLAMIC CENTER**

In a motion and memorandum filed with this Court on February 27, 2008, defendant Farzad Darui ("Darui") requests that "he and his counsel be permitted to conduct a site visit of The [Islamic] Center . . . . without a government or Center escort." Defendant Darui's Memorandum in Support of Motion for Site Visit of Islamic Center, at 1, 4 (Def.'s Mot. for Site Visit"). Darui's motion for a site visit of the Islamic Center should be denied. Darui has asserted no authority, and, indeed, there is none, that gives him any right to inspect the Islamic Center.[1] Contrary to Darui's claims, Federal Rule of Criminal Procedure 16(a)(1)(E) does not authorize Darui or his counsel to inspect the Center. Moreover, Darui has presented no sound reason why the Islamic Center should consent to inspection by Darui or his counsel.

1. **Rule 16(a)(1)(E) Does Not Apply to Property in Possession of Third Parties.**

Rule 16(a)(1)(E) is inapplicable here. Darui claims that "Rule 16 specifies that a defendant is entitled to inspect 'buildings or places' that are involved in the alleged criminal

---

[1] The absence of legal authority for Darui's position is particularly troubling because the Islamic Center is a religious building, with some First Amendment protection. Absent a legitimate legal reason, the Court should not readily order a religious group to permit an outsider into its building.

conduct." Def's Mot. for Site Visit 1. Contrary to Darui's assertions, Rule 16(a)(1)(E) applies only to materials in the "federal government's actual possession, custody or control." *United States v. Adkins*, 741 F.2d 744, 746 (5th Cir.1984); *see* Fed. R. Crim. P. 16 (limiting the "inspect[ion] . . . [of] tangible objects, buildings or places" to "item[s] within the government's possession, custody, and control."); *Bowman Dairy Co. v. United States*, 341 U.S. 214, 219 (1951) ("Rule 16 deals with documents and other materials that are in the possession of the Government. . . ."). "[T]he Government is under no obligation to produce items not in its possession, custody or control." *United States v. Sarras*, No. 6:07-cr-92-Orl-22DAB, 2007 WL 3231797 (M.D. Fla. 2007).

"[T]here are [simply] no comparable provisions allowing inspection of the property of third parties." *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980); *see, e.g., United States v. Scharf*, 267 F. Supp. 19, 20 (S.D.N.Y. 1967) (denying defendant's motion to inspect where government did not possess or control the materials at issue).

Here, it is clear that the Islamic Center, not the Government, is in sole custody, possession, and control of the Islamic Center. Darui bases his contention that "the government is exercising 'control' over" Darui's former office at the Islamic Center entirely on statements by Ms. Fatoumata Goodwin that the office has been "sealed off" since the FBI gathered evidence at the Islamic Center. Def. Mot. for Site Visit 3. In fact, rather than demonstrating any control by the Government, Ms. Goodwin's statements illustrate that the Islamic Center was at all times in control, custody, and possession of Darui's former office. Although the FBI did recommend the "seal[ing] off" of the office, it was ultimately the decision of the Islamic Center to implement the FBI's recommendations. Indeed, as Ms. Goodwin stated, "*the Center* changed the locks to the front door of Darui's Office and kept the Office locked." FBI Interview with Fatoumata D.

Goodwin, April 20, 2007, at 2. Moreover, "[t]he only key [to the office] resides in the office of the Center's Director" and not in the hands of the Government. *Id.* The Government was explicit that it exercises no control over the Center when it suggested that Darui's counsel approach the Islamic Center directly about a site visit. Thus, Rule 16(a)(1)(E) does not apply here because the Islamic Center is not in the Government's custody, control, or possession.

2. **Darui Has Presented No Reason To Provide Him with Unsupervised Access to the Center.**

The Islamic Center has not and will not consent to inspection by Darui or his counsel. As the victim of Darui's crimes, the Islamic Center has no reason to provide Darui or his counsel with unfettered access to its property. Moreover, Darui has presented no sound reason why such inspection is a necessary part of his defense.

   a. **Darui Should Not Have Unfettered Access to His Victim's Property and Files.**

Darui's contention that he and his counsel should have unsupervised access to the Islamic Center is completely unreasonable. Darui has cited no legal provision or logical reason—and indeed, we are aware of none—that would allow a criminal defendant unfettered access to the property and the files of his victim. *See, e.g., Armstrong*, 621 F.2d at 954 ("[T]here are [simply] no comparable provisions allowing inspection of the property of third parties.").

Indeed, a criminal defendant does not even have "the unsupervised right to search through the [*government's*] files." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987). As the Supreme Court has recognized, "[a]lthough the eye of an advocate may be helpful to a defendant in ferreting out information . . . . [d]efense counsel has no constitutional right to conduct its own search of the State's files to argue relevance." *Id.*

Given the restrictions on a criminal defendant's access to the Government's files, it would be absurd to allow Darui *greater* access to the private files and the private property of his victim. The Islamic Center has already suffered serious financial losses and harm to its reputation based on Darui's actions. Allowing him to inspect the Islamic Center with only his counsel as his escort would put the Center's property at risk. His counsel could not be relied upon to watch him at every moment. The Center does not have an inventory of everything in Darui's former office, and it should not have to take up the burdensome task of creating one.

Moreover, this Court has already denied Darui's attempts to subpoena irrelevant and inadmissible material from the Islamic Center. Allowing Darui unfettered inspection of the Center and its contents would allow him to inspect many of the materials that this Court has already found irrelevant to this case.

There is no reason that Darui or his counsel should be permitted to engage in an unsupervised inspection of the Islamic Center.

**b. Inspecting the Islamic Center Is Not Material to Darui's Defense.**

Although Rule 16(a)(1)(E) is inapplicable here for the reasons discussed *supra*, it is notable that Darui has also failed to show that inspecting the Islamic Center is "material to the preparation of the defense," as required under Rule 16(a)(1)(E). *United States v. Foo*, No. CR 106-077, 2007 WL 1521669, at *3 (S.D. Ga. 2007). A defendant may also justify inspection under Rule 16(a)(1)(E) by showing that the government "intend[s] . . . to . . . use [the material he seeks to inspect] as evidence" or that the material "was obtained from the defendant," but Darui has not even attempted to demonstrate that the desired inspection of the Islamic Center meets either of these criteria. *Foo*, 2007 WL 1521669, at *3. To show that inspection is material, the defendant must make a specific request for the item, together with an explanation of how it will

be "helpful to the defense." *United States v. Jordan*, 316 F.3d 1215, 1251 (11th Cir. 2003) (citations omitted); *see, e.g*, *United States v. Marshall*, 132 F.3d 63, 67–68 (D.C. Cir. 1998). A "defendant must "show more than that the [item] bears some abstract logical relationship to the issues in the case . . . . There must be some indication that the pretrial disclosure of the [item] would . . . enable , , , the defendant significantly to alter the quantum of proof in his favor." *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978).

Here, although Darui contends that "[t]he only way to verify or negate" the allegations in the indictment "is by conducting" an inspection of the Center "without government or Center escort," Def. Mot. for Site Visit 2, 4, Darui has failed to show that inspection is material to his defense. Darui's contention that "almost all the alleged criminal conduct and factually-related events took place" in the Islamic Center, *id.* at 2, does not justify inspection of the Center because the physical layout of the Islamic Center cannot "significantly . . . alter the quantum of proof" in Darui's favor. *Buckley*, 586 F.2d at 506.

For example, a general inspection of the Center cannot "verify or negate" the allegation that Darui "altered the checks at issue using a typewriter located in his office at The Center." Def. Mot. for Site Visit 2. Unlike inspection of the typewriter, itself, inspection of the Center would not reveal anything about the likelihood that the allegation in the indictment is true. Likewise, the allegations in the Indictment (1) that Darui is responsible for "missing original Bank of America monthly statements and original cancelled checks," Def. Mot. for Site Visit 2, (2) that Dr. Khouj "'discovered' that Darui was using a post office box for the Bank of America statements by observing a computer screen located in Darui's office," *id.* at 2, or (3) that "Darui was the only individual with access to his office during the relevant time period," *id.*, are allegations about specific events and conduct, which cannot be "verif[ied] or negat[ed]"

through a general inspection of the Islamic Center. Thus, there is no sound reason why the Islamic Center should affirmatively consent to a site visit.

Darui should not be permitted to raise the burden and cost to his victim, particularly because his desired inspection does not even meet the standard for inspection under Rule 16(a)(1)(E).

## CONCLUSION

For the foregoing reasons, the Court should deny the defendant's Motion for Site Visit of the Islamic Center.

Respectfully submitted,

Williams & Connolly LLP

By: /s/ Robert P. Watkins
Richard M. Cooper (DC Bar 92817)
Robert P. Watkins (DC Bar 051839)
Ana C. Reyes (DC Bar 477354)

725 Twelfth Street, N.W.
Washington, DC 20005-5901
(202) 434-5000
(202) 434-5029 (fax)

*Counsel for the Islamic Center*

Dated: March 13, 2008

## CERTIFICATE OF SERVICE

    I hereby certify that on March 13, 2008 a true copy of the foregoing was served by first class mail on the following:

Ronald Wesley Sharpe, Esq.
Tejpal S. Chawla, Esq.
U.S. ATTORNEY'S OFFICE
555 Fourth Street, N.W.
Washington, D.C. 20530

Victoria Toensing, Esq.
Joseph diGenova, Esq.
Brady Toensing
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006

Aaron S. Book, Esq.
Steven T. Webster, Esq.
WEBSTER BOOK LLP
1 North King Street
Leesburg, VA 20176


                                                      _/s/ Robert P. Watkins_
                                                      Robert P. Watkins